UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC WAGNER,

        Petitioner,

v.

        CASE NO. 07-CV-12597
        HONORABLE NANCY G. EDMUNDS

FEDERAL BUREAU OF PRISONS,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

I.    Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2241. Eric Wagner ("Petitioner") was a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan") at the time he instituted this action. In his petition, he challenges a decision by the Bureau of Prisons ("BOP") to deny him early release under 18 U.S.C. § 3621(e), as well as the BOP's denial of his request for placement in a Residential Reentry Center ("RRC") under 18 U.S.C. § 3621(b). Respondent initially filed an answer to the petition contending that it should be denied. Respondent has since notified the Court that Petitioner was released from federal custody on June 6, 2008 and asserts that the petition should be denied as moot. For the reasons stated herein, the Court denies the petition for writ of habeas corpus.

II.    Facts and Procedural History

Petitioner pleaded guilty to the offenses of selling firearms to a convicted felon and distribution of marijuana in the United States District Court for the Northern District of Illinois.

1

He was sentenced to 30 months imprisonment and 30 months of supervised release on February 3, 2006. His convictions and sentence were affirmed on appeal. *See United States v. Wagner*, 467 F.3d 1085 (7th Cir. 2006).

While incarcerated at FCI-Milan, Petitioner was notified that his firearm offense was considered a crime of violence and that he was ineligible for an early release benefit under 18 U.S.C. § 3621(2) for completion of the BOP's residential drug abuse treatment program. He nonetheless entered such a drug treatment program and completed the unit-based portion of the program on March 16, 2007. He unsuccessfully challenged the BOP's decision to deny him an early release benefit through the administrative process. Petitioner then requested an immediate transfer to an RRC or home confinement. The BOP denied his request, as well as his subsequent administrative challenges to that decision.

Petitioner filed the present petition for writ of habeas corpus on June 18, 2007. While his petition was pending, he was apparently referred for a 180-day pre-release RRC placement due to his completion of the drug treatment program. The record does not indicate whether he actually received such a placement. Respondent filed an answer to the petition on October 4, 2007 contending that it should be denied for lack of merit. On June 13, 2008, Respondent filed a notice of Petitioner's release with the Court stating that Petitioner was released from custody on June 6, 2008 and contending that his petition is now moot.

III.  Analysis

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental*

*Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998).

As noted, Respondent has informed the Court that Petitioner has been released from federal custody. The BOP Inmate Locator database confirms that Petitioner was released on June 6, 2008. Because Petitioner has been released from custody, the Court can no longer grant him further relief on the claims contained in his petition. The present case has been rendered moot and must therefore be dismissed.

IV. Conclusion

For the reasons stated, the Court concludes that there is no longer any case or controversy for the Court to resolve in this matter. Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED** as moot.


                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated: June 18, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 18, 2008, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager